UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERMAINE J. DUNLAP, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 22-2419 (UNA) |
| | ) |
| SUPERIOR COURT | ) |
| OF SAN BERNARDINO *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

Petitioner is a California state prisoner who has submitted a form "Petition for Writ of Habeas Corpus" comprised of incoherent statements. *See Dunlap v. Superior Ct. of City of San Bernardino*, No. 15-cv-00837, 2015 WL 3542827, at *1 (D.D.C. June 5, 2015) (citing cases finding similarly). Unlike the requirements for pleading a civil action, "Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. [It] instructs the petitioner to specify all the grounds for relief available to him and to state the facts supporting each ground." *Mayle v. Felix*, 545 U.S. 644, 649 (2005) (cleaned up). The lodged petition comes nowhere near satisfying the habeas pleading standard.

Even if Petitioner could replead satisfactorily, this court would lack jurisdiction over a challenge to his California conviction and custody. *See* 28 U.S.C. § 2241(d) (conferring concurrent jurisdiction "in the district court for the district" where the habeas applicant is confined or the sentencing court is located); sec. 2254 Gov. Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); *Day v. Trump*, 860 F.3d 686, 689 (D.C. Cir. 2017) (The "district court may not

2

entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.") (citation omitted)).  Therefore, this case will be dismissed by separate order.

_____
JIA M. COBB
United States District Judge

Date:  October 3, 2022